Filed 3/13/23  Lee v. United Escrow Company CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| CAROLINE S. LEE,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>UNITED ESCROW COMPANY et al.,<br><br>　　　　Defendants;<br><br>BOW TIE REALTY & INVESTMENT, INC.,<br><br>　　　　Intervener and Respondent. | B313613<br><br>(Los Angeles County Super. Ct. No. BC697147) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, David Sotelo, Judge.  Affirmed.

　　　　Jack H. Karpeles for Plaintiff and Appellant.

　　　　Chad Biggins for Intervener and Respondent.

————————————————

In Caroline Lee's first appeal, she challenged a judgment against her on a complaint-in-intervention filed by Bow Tie Realty & Investment, Inc. (Bow Tie), relating to commissions Lee owed on the sale of her real property. (*Lee v. Lee et al.*, B303369 (*Lee I*).) Lee's first appeal was dismissed after she failed to comply with this court's order that she file a notice designating the record on appeal and proof of service of the notice of appeal.

Lee now appeals from the trial court's order awarding to Bow Tie attorneys' fees and costs incurred on appeal in *Lee I*. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2018 Lee filed a complaint against Bow Tie, United Escrow Company, and others alleging Lee entered into a listing agreement in 2017 with Bow Tie for the sale of Lee's real property, and Bow Tie on "the eve of close of escrow" inserted a "false[]" six percent commission on the agreement. Further, United Escrow refused to release the amount of the claimed commission to Lee. Lee asserted causes of action against Bow Tie and United Escrow for breach of contract, resulting trust, negligence, and breach of fiduciary duty. The complaint also asserted causes of action for breach of fiduciary duty against Bow Tie's chief executive officer, Jong Han Lee, and United Escrow's escrow officer, Tracy Ko.

The trial court later dismissed Bow Tie and Jong Han Lee from the action without prejudice, at Lee's request. On July 17, 2018 Bow Tie filed a complaint-in-intervention, alleging causes of action against Lee for breach of contract, quantum meruit, fraud, and conversion. Bow Tie alleged Lee hired Bow Tie to sell the

real property; Bow Tie performed all its obligations under the listing agreement except those Lee prevented it from performing; and escrow closed on the property but Lee failed to pay Bow Tie its 4 percent commission on the sale.

After a court trial, on September 16, 2019 the trial court entered a $672,892.19 judgment for Bow Tie.[1]  Lee appealed from the judgment.  (*Lee I*, B303369.)  On September 2, 2020 this court dismissed Lee's appeal pursuant to California Rules of Court, rule 8.140(b) for failure to timely serve and file a designation of record on appeal and to file a proof of service of notice of appeal. Lee then filed in the superior court an ex parte application for relief from default, which the court denied.[2]  Lee again appealed, and we affirmed.  (*Lee v. United Escrow Co.* (Dec. 14, 2021, B308739) [nonpub. opn.] (*Lee II*).)

On December 15, 2020 Bow Tie filed a motion seeking $48,327.50 in attorneys' fees incurred on appeal in *Lee I*, including fees incurred to oppose Lee's two motions to vacate the dismissal on appeal and her motion to recall remittitur (all of which this court denied).  Bow Tie served Lee with the motion by mail and email.  Lee did not file an opposition to the motion.

---

[1]    Judge Barbara M. Scheper presided over the court trial and entered the judgment against Lee.

[2]    Judge Samantha P. Jessner.

After a hearing on April 7, 2021, the trial court granted Bow Tie's request for attorneys' fees.[3]  On the same day, Bow Tie filed and served by email a notice of ruling on the attorneys' fees motion.  On April 15 the court entered a signed order granting the attorneys' fees request.

Lee timely appealed.[4]

## DISCUSSION

Lee's opening brief fails to present any legal argument regarding the trial court's April 7, 2021 order granting Bow Tie's request for attorneys' fees for litigating the appeal in *Lee I*, which

---

[3]     Judge David Sotelo.

[4]     On her June 7, 2021 notice of appeal, Lee checked the box indicating she was appealing "[a]n order after judgment under Code of Civil Procedure, § 904.1(a)(2)" and identified the trial court's April 7, 2021 minute order as the order from which she appealed.  On October 5, 2021 Lee filed a case information statement attaching Bow Tie's April 7 notice of ruling on Bow Tie's attorneys' fees motion.  Lee also attached a June 1, 2021 judgment in favor of Bow Tie in the related action, Los Angeles County Superior Court case No. 20STCV14403, as well as a June 21 notice of entry of that judgment and proof of service on Lee's attorney (Jack Karpeles).  However, Lee's operative notice of appeal in this case does not identify the June 1 judgment.  Because Lee did not appeal the June 1, 2021 judgment, it is not at issue in this appeal.  We also note that Lee named United Escrow and Jong Han Lee in her case information statement as parties to the appeal, but this appeal of the Bow Tie attorneys' fees order does not involve United Escrow or Jong Han Lee, and further, Jong Han Lee was dismissed as a party in the trial court at Lee's request.

is the subject of this appeal.[5]  Instead, Lee appears to contend Bow Tie's attorney, Chad Biggins, engaged in misconduct by representing United Escrow and Ko in filing an ex parte application for a "nunc pro tunc order" dated September 27, 2021 to amend a 2020 order awarding United Escrow attorneys' fees and costs.  Lee previously appealed the September 27, 2021 minute order.  (*Lee v. United Escrow Co.* (Oct. 10, 2022, B316719) [nonpub. opn.] (*Lee III*).)

On appeal in *Lee III*, Lee argued the trial court (Judge Barbara M. Scheper) erred with respect to its ruling on United Escrow and Ko's September 20, 2021 ex parte application for a nunc pro tunc order correcting a January 27, 2020 order granting the postjudgment request for attorneys' fees filed by United Escrow and Ko, which United Escrow and Ko asserted had been "'filed blank.'"  The court entered a minute order stating the ex parte application was withdrawn and directing "'the Judicial Assistant to email counsel for defendant, United Escrow [C]o., a copy of the Order filed on January 27, 2020.'"  Lee asserted the January 27, 2020 order attached to United Escrow and Ko's October 21, 2021 notice of ruling on the ex parte application was "invalidly created" and "backdated," and Judge Scheper was disqualified from hearing the ex parte application.  (*Lee III*, B316719.)

We dismissed Lee's appeal as untimely, explaining there was no evidence the trial court "backdated" the attorneys' fees order, which arguably could have rendered her appeal timely.  Although we did not rule on Lee's contention Judge Scheper was disqualified from ruling on the ex parte application, we noted,

---

[5]     Lee did not file a reply brief.

5

"Judge Scheper did not rule on the ex parte application (which was withdrawn), and further, the judge would only have been disqualified if she considered 'a contested issue' on which she was disqualified. (See § 170.6, subd. (a)(1).)" (*Lee III*, B316719.)

Lee improperly reprises these arguments concerning United Escrow and Ko's September 20, 2021 ex parte application in the guise of an appeal of the April 7, 2021 order awarding attorneys' fees to Bow Tie. Lee has failed to carry her burden to demonstrate error by the trial court because she does not present any legal argument explaining how Biggins' representation of United Escrow and Ko with respect to their September 20, 2021 ex parte application has any bearing on the trial court's earlier award of attorneys' fees to Bow Tie. (See *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 ["'[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.'"]; *Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457 [plaintiffs forfeited claim of error by failing to "present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error"]; *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287 ["[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt."]; Cal. Rules of Court, rule 8.204(a)(1)(B) ["Each brief must . . . [¶] . . . [¶] . . . support each point by argument and, if possible, by citation of authority . . . ."].)

## DISPOSITION

The order awarding attorneys' fees to Bow Tie is affirmed. Bow Tie is to recover its costs on appeal.


FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.